UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERRY J.,

                    Plaintiff,

          v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

Case No. C21-0828-SKV

ORDER REVERSING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the partial denial of his application for Supplemental Security Income.  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for a finding of disability.

## BACKGROUND

Plaintiff was born in 1963, has a high school diploma and additional training as a computer technician, and previously worked at restaurants as a prep cook, dishwasher, busboy, server.  AR 59, 330-51, 1977, 2017-18.  Plaintiff was last gainfully employed in 1997.  AR 330.

In July 2013, Plaintiff applied for benefits, with an amended alleged onset date of July 23, 2013.  AR 26, 228-46.  Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing.  AR 167-73, 178-84.  After the ALJ conducted a hearing in

November 2014 (AR 52-84), where Plaintiff withdrew his application for Disability Insurance Benefits, the ALJ subsequently issued a decision finding Plaintiff not disabled and therefore not eligible for Supplemental Security Income.  AR 23-51.

The Appeals Council denied Plaintiff's request for review (AR 1-5), but the U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded for further administrative proceedings.  AR 2096-111.  The same ALJ held another hearing on remand in February 2018 (AR 2005-33), and subsequently issued a partially favorable decision finding Plaintiff disabled as of April 24, 2018, but not disabled before that date.  AR 1939-60.

Plaintiff sought judicial review of the ALJ's decision, and the U.S. District Court for the Western District of Washington reversed the decision and remanded for further proceedings.  AR 2934-45.  On remand, a different ALJ held a hearing in January 2021 (AR 2883-94), and subsequently issued a decision again finding Plaintiff disabled as of April 24, 2018 (AR 2883-94), but not disabled before that date.  AR 2855-69.

### THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found that, during the adjudicated period of July 23, 2013, through April 23, 2018:

**Step one**:  Plaintiff worked during the adjudicated period, but the work did not constitute substantial gainful activity.

**Step two**:  Plaintiff has the following severe impairments: sleep apnea, diabetes mellitus with polyneuropathy, mild bilateral knee degenerative joint disease, obesity, traumatic glaucoma of the left eye with impaired vision, meralgia paresthetica, lumbar facet arthralgia, left ulnar neuropathy, major depressive disorder with history of intermittent psychotic features, posttraumatic stress disorder, substance abuse in remission, intellectual development disorder, and developmental learning disorder in verbal comprehension.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**:  Plaintiff can perform light work with additional limitations: he can occasionally climb ramps and stairs, and can never climb ladders, ropes, scaffolds, or steep inclines.  He cannot be exposed to hazards such as moving machinery and unprotected heights.  He can occasionally balance, stoop, kneel, crouch, and crawl.  He can have frequent accommodation of visual limitations and occasional field of vision and depth perception.  He can understand, remember, and carry out simple and some detailed tasks.  He can have occasional, brief, and superficial contact with the general public, but no essential elements of any tasks may depend on contact with the general public.  He cannot perform tandem tasks or tasks involving cooperative team effort.  He can occasionally reach overhead with the right arm.  He can frequently handle and finger.

**Step four**:  Plaintiff has no past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff could have performed before April 24, 2018, Plaintiff was not disabled before that date.

AR 2855-69.

Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 4.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

---

[2] 20 C.F.R. Part 404, Subpart P, App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 3

1    Substantial evidence is "more than a mere scintilla.  It means - and means only - such

2    relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

3    *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d

4    747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving

5    conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v.*

6    *Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record

7    as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the

8    Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is

9    susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

10   must be upheld.  *Id.*

11                                            **DISCUSSION**

12       Plaintiff argues the ALJ erred in assessing certain medical evidence and in failing to

13   comply with a court remand order.  The Commissioner argues the ALJ's decision is free of

14   harmful legal error, supported by substantial evidence, and should be affirmed.

15   **A.      The ALJ Erred in Assessing Certain Medical Opinion Evidence**

16       Plaintiff argues that the ALJ erred in assessing a 2014 opinion written by psychiatric

17   examiner James Hopfenbeck, M.D., and a 2018 letter written by primary care physician Sonja

18   Olson, M.D.  The Court will address each disputed opinion in turn.

19                1.       *Legal Standards*[3]

20       Where not contradicted by another doctor, a treating or examining doctor's opinion may

21   be rejected only for "'clear and convincing'" reasons.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

22

23   _____

[3] Because Plaintiff applied for disability benefits before March 27, 2017, the regulations set forth in 20
C.F.R. § 416.927 apply to the ALJ's consideration of medical opinions.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 4

1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

### 2.    *Dr. Hopfenbeck*

Dr. Hopfenbeck examined Plaintiff in January 2014 and completed a DSHS form opinion describing his symptoms and limitations. AR 1434-37. Dr. Hopfenbeck rated Plaintiff's limitations as moderate, marked, or severe, and described abnormal findings as to his memory, fund of knowledge, concentration, abstract thought, and insight and judgment. AR 1436-37.

The ALJ gave little weight to Dr. Hopfenbeck's opinions because (1) Dr. Hopfenbeck did not explain the basis for the checkbox ratings he provided; (2) Dr. Hopfenbeck's mental status examination was inconsistent with similar examinations in the treatment record, which document intact memory, cooperative attitude, and normal behavior; (3) Dr. Hopfenbeck wrote his opinion six months after the beginning of the adjudicated period and only reviewed one 2012 examination report; (4) Dr. Hopfenbeck's opinion is inconsistent with Plaintiff's activities and work activity, namely his statements that he stopped working for reasons unrelated to his mental health; (5) Dr. Hopfenbeck examined Plaintiff at a time when he was not receiving treatment, and when he did subsequently receive treatment his symptoms improved; and (6) Dr. Hopfenbeck was not aware of the situational component to Plaintiff's symptoms because he did not have access to the entire record. AR 2867.

Several of these reasons have been found inadequate in past court remand orders. *See* AR 2096-111, 2940-42. Courts have indicated that Dr. Hopfenbeck's checkbox ratings are corroborated by his examination findings, and therefore not unexplained. *Id*. Courts have also

explained that although Dr. Hopfenbeck listed some normal findings, he also found Plaintiff's examination to be abnormal in relevant aspects, which the ALJ failed to acknowledge.  *Id.* Courts also took issue with the ALJ's reference to unspecified activities as a basis for finding Dr. Hopfenbeck's opinion inconsistent with the record.  *Id.*

The ALJ's other reasoning is not sufficiently specific and/or legitimate to render the reiterated errors harmless.  The ALJ emphasized that Dr. Hopfenbeck's opinion was early in the adjudicated period, but this factor does not undermine the opinion's probative value because it nonetheless addresses Plaintiff's functioning during the relevant time period.

The ALJ also emphasized that Dr. Hopfenbeck had limited access to the record, but did not point to any evidence in the longitudinal record that reasonably undermined Dr. Hopfenbeck's opinion.  The ALJ references Plaintiff's unspecified activities and part-time work for less than a year of the adjudicated period, but did not explain how any particular activity contradicted Dr. Hopfenbeck's opinion that Plaintiff could not sustain full-time work.  AR 2867.

And although the ALJ cites Plaintiff's improvement with treatment, the only specific improvement he mentions is Plaintiff's lack of hallucinations.  AR 2865.  Dr. Hopfenbeck's opinion only references past (not current) hallucinations, and thus the cessation of this symptom would not undermine Dr. Hopfenbeck's conclusions.  *See* AR 1434.

Lastly, the ALJ's belief that "downturns" in Plaintiff's mental symptoms were attributable to situational stressors involving "housing tragedy" is not supported by the five pages of the record that he cites.  AR 2865 (citing AR 2606, 2619-22 (referencing the death of Plaintiff's niece)).  Even if Plaintiff's mental health did decline around the time that his niece died in 2016, it is unclear how this undermines Dr. Hopfenbeck's opinion from more than two years earlier.

Accordingly, the Court concludes that the ALJ has again failed to provide legally sufficient reasons to discount Dr. Hopfenbeck's opinion, despite three opportunities to do so.

3.    *Dr. Olson*

Dr. Olson wrote a letter dated February 13, 2018, describing Plaintiff's recent part-time work activity and explaining the impact of that work attempt, and why she believed he was unable to sustain work on a full-time basis or even 20 hours per week.  AR 3130-31.

The ALJ gave little weight to Dr. Olson's letter.  AR 2866-67.  The ALJ noted that the timeframe referenced by Dr. Olson's letter was unclear, because it appeared to have been re-signed in 2019 and 2020 (AR 2866-67 (referencing AR 3126-29)), but the ALJ also acknowledged that the date on the letter was during the adjudicated period, albeit toward the end of the period.  That the letter was dated toward the end of the adjudicated period does not provide a basis to discount its probative value as to Plaintiff's functioning during the adjudicated period.

The ALJ went on to find an internal inconsistency in Dr. Olson's letter regarding whether Plaintiff had complied with treatment, but Dr. Olson's letter itself acknowledges a discrepancy (stopping medications) that raised concerns for the ALJ.  *See* AR 3131.  Furthermore, although one treatment note mentions that Plaintiff had missed appointments with other specialists (AR 2655), it does not establish that he missed any appointments with Dr. Olson, and Dr. Olson's letter focuses on her treating relationship with Plaintiff.  AR 3131.  Plaintiff's lack of follow through with other specialists does not necessarily undermine Dr. Olson's letter, and therefore the Court finds that this is not a legitimate basis on which to discount Dr. Olson's letter.

For these reasons, the Court finds that the ALJ erred in discounting the opinions of Drs. Hopfenbeck and Olson, and now turns to consider the appropriate remedy for these errors.

Because the ALJ erred in discounting medical opinion evidence establishing Plaintiff's disability, because the record has been fully developed for the closed, remote period at issue, and because the protracted proceedings in this case suggest that further administrative proceedings would be futile, the Court exercises its discretion to remand for a finding of disability.  *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015); *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014); *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

In light of this disposition, the Court need not address Plaintiff's assertion that the ALJ erred in failing to develop the record regarding the functional impact of Plaintiff's glaucoma. Even if Plaintiff is correct that the ALJ failed to comply with the prior court remand in this manner, the Court does not find that it would be useful to provide another opportunity for that record development, given the existing opinion evidence that is consistent with a finding of disability.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for a finding of disability.

Dated this 30th day of March, 2022.


S. KATE VAUGHAN
United States Magistrate Judge